The Honorable Bill Skaggs Representative, District 31 State Capitol Building, Room 414 Jefferson City, MO 65101
Dear Representative Skaggs:
This opinion letter is in response to your question asking:
 Are the telephone records of an individual member of the General Assembly a "public record" obtainable by the public under Section 610.026, RSMo Supp. 1993, and may a state employee release the telephone records of a member's individual office without liability, absent of proper subpoena duces tecum?
You have indicated that a private party has requested telephone billing records of an individual member of the General Assembly. For the purpose of this opinion, your question will be answered as it relates to billing records of state telephones or telephone bills which are paid by the state or some division thereof.
Your question relates generally to Chapter 610, RSMo, which is commonly referred to as the Missouri Sunshine Law. Sections 610.023 through 610.026
of that chapter set forth the procedures that a public governmental body must follow when providing access to, or copies of, public records.
Section 610.010(4), RSMo Supp. 1993, broadly defines "public governmental body" as "any legislative, administrative governmental entity created by the constitution or statutes of this state. . . ." We find that the Missouri General Assembly, created by Article III of the Missouri Constitution and further defined by Chapter 21, RSMo, falls within the definition of a public governmental body as defined by Section 610.010(4).
Section 610.023.2, RSMo Supp. 1993, provides that "[e]ach public governmental body shall make available for inspection and copying by the public of that body's public records." In addition, Section 610.010(6), RSMo Supp. 1993, defines "public record" as:
 any record, whether written or electronically stored, retained by or of any public governmental body including any report, survey, memorandum, or other document or study prepared and presented to the public governmental body by a consultant or other professional service paid for in whole or in part by public funds . . . .
Telephone records of an individual member of the General Assembly utilized by the House Accounts Committee to reimburse a telephone company for services received are "record[s] . . . retained by . . . any public governmental body" pursuant to Section 610.010(6). As such, the billing records will remain public records of the General Assembly regardless of whether an individual member later reimburses the House Accounts Committee for specific calls made.
All provisions within Chapter 610, RSMo, must be construed in accordance with the statement of public policy contained in Section 610.011, RSMo Supp. 1993:
610.011. Liberal construction of law to be public policy.
 1. It is the public policy of this state that meetings, records, votes, actions, and deliberations of public governmental bodies be open to the public unless otherwise provided by law. Sections 610.010 to 610.028 shall be liberally construed and their exceptions strictly construed to promote this public policy.
 2. Except as otherwise provided by law, all public meetings of public governmental bodies shall be open to the public as set forth in Section 610.020, all public records of public governmental bodies shall be open to the public for inspection and copying as set forth in Sections 610.023
to 610.026, and all public votes of public governmental bodies shall be recorded as set forth in Section 610.015.
In addition, Section 610.022.5, RSMo Supp. 1993, states that "[p]ublic records shall be presumed to be open unless otherwise exempt under the provisions of Section 610.021." Section 610.021, RSMo Supp. 1993, lists fifteen exceptions authorizing a public governmental body to close records. No exception specifically relates to telephone billing records of an individual member of the General Assembly. Section 610.021(14) authorizes closure of "[r]ecords which are protected from disclosure by law." However, we find no provisions within Chapter 21, RSMo, relating to the General Assembly, which either require or allow closure of member's itemized telephone bills. We likewise find no other applicable provision of law which authorizes the closure of these records pursuant to Section 610.021(14).[1]
There may be instances when a record which documents the content of such telephone calls could lawfully be held as a closed record pursuant to Section 610.021. However, the billing records in question in this case do not disclose the subject matter discussed, and therefore, can not be held as closed records. Furthermore, the United States Supreme Court has found that persons have no expectation of privacy in telephone numbers to which they make a call. Smith v. Maryland, 442 U.S. 735 (1979); United Statesv. New York Telephone Co., 434 U.S. 159 (1977). Accordingly, we conclude that members' telephone billing records are public records to be made available for inspection and copying as provided in Section 610.023
through 610.026, RSMo Supp. 1993.
In summary, it is the opinion of this office that telephone billing records of an individual member of the General Assembly are public records as defined by Section 610.010(6), RSMo. Supp. 1993, to be made available for inspection and copying as provided in Sections 610.023 through 610.026, RSMo Supp. 1993.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General
[1] Other states have addressed similar issues with varying results. However, due to the differences in the various state's constitutions, statutes, and policies, none of these cases are applicable to the ultimate determination of this issue in Missouri. See PG PublishingCo. v. County of Washington, 638 A.2d 422, 426 (Feb. 24, 1994) (holding that itemized billing statements from cellular telephone company to a county were public records within the meaning of the Right to Know Act); But see, State of Nebraska v. Primeau, Docket no. 496, Page no. 039, Lancaster County Dist. Ct. (April 18, 1994) (upholding portion of legislative bill which allowed individual legislators to determine whether any part of his or her long distance telephone bill was sensitive or confidential in nature and therefore, not required to be disclosed to the state auditor); Des Moines Register v. Dwyer, No. CL-113-61476 (Polk County Dist. Ct., May 17, 1994), appeal docketed, No. 94-901 (Iowa S. Ct., June 7, 1994) (dismissing a suit filed to enforce the Open Records Act against the Iowa senate on the basis that the legislature has the power to create rules for its own proceedings).